James C. Bonner, Jr., Thomas J. Killeen, Athens, Ga., for petitioners.

Susan W. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent.

**Carl J. ISAACS and George Elder Dungee, Petitioners,**

v.

**Walter D. ZANT, Warden, Georgia Diagnostic and Classification Center, Respondent.**

No. 82–8017.

United States Court of Appeals, Eleventh Circuit.

June 21, 1983.

Before JOHNSON and ANDERSON, Circuit Judges, and HUNTER *, District Judge.

PER CURIAM:

Petitioners, Carl J. Isaacs and George Elder Dungee, appeal from the federal district court's denial of their habeas corpus petitions.[1] Isaacs, Dungee, and Wayne Carl Coleman were tried separately, convicted, and sentenced to death for their joint participation in six murders. Before the trials began, all three petitioners filed motions for a change of venue. The state trial court held hearings on their motions, consolidated into one proceeding. After the hearings, the trial court denied these motions.

The companion case of *Coleman v. Zant,* 708 F.2d 541 (11th Cir.1983), has been remanded for an evidentiary hearing on the question whether pretrial publicity and the community's atmosphere were so prejudicial and inflammatory that the trial court's refusal to grant petitioner's motion for a change of venue deprived him of his

---

* Honorable Edwin F. Hunter, Jr., U.S. District Judge for the Western District of Louisiana, sitting by designation.

1. The district court had granted the motion for consolidation of the habeas corpus proceedings of Isaacs and Dungee. Record, vol. I, at 53.

constitutional rights. With respect to the change of venue issue, the facts in *Coleman v. Zant* are nearly identical to the facts in this appeal. Isaacs, Dungee, and Coleman were indicted for the same crimes, and tried *seriatim* in the same community in January 1974.

On June 10, 1983, we ordered respondent to show cause why this court should not take judicial notice of the proceedings before this court in *Coleman v. Zant, supra,* and remand this case also for an evidentiary hearing on the change of venue issue. Having carefully considered respondent's response[2] to the show cause order, we order a limited remand.

Since the facts relevant to the change of venue issue are nearly identical to those in *Coleman v. Zant,* since the close relationship between these two cases has been recognized and the record in each case has been supplemented on several occasions with portions of the other record, and since this limited remand will cause only a brief delay, we conclude that the interests of justice and judicial economy and the expeditious handling of this case require a remand for further development of this issue at an evidentiary hearing.[3] We retain jurisdiction and remand for this limited purpose. The district court shall certify its findings and the record of its proceedings on remand to us on or before August 9, 1983.

REMANDED WITH INSTRUCTIONS.

---

2. Respondent argues that petitioners have not made the showing required by *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), that "material facts were not adequately developed at the state court hearing." 372 U.S. at 313, 83 S.Ct. at 757. However, that bridge was crossed in the district court where it was either demonstrated or agreed that further evidentiary development in federal court was necessary. The only comity consideration implicated by our decision to order a limited re-mand is the brief delay involved, which is amply justified in the interests of justice.

3. Although the management of hearings below are within the discretion of the district court, we contemplate that the district court will want to consolidate the evidentiary hearing herein ordered with that portion of the *Coleman v. Zant* hearings dealing with the same issue.